MOLLY WHITE, Cal. Bar No. 171448
E-mail: whitem@sec.gov
MARSHALL S. SPRUNG, Cal. Bar No. 188253
E-mail: sprungm@sec.gov
JUNLING MA, Cal. Bar No. 213241
E-mail: maj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Acting Regional Director
Michele Wein Layne, Associate Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br>  vs.<br><br>NANCY M. TULLOS,<br><br>  Defendant. | Case No. _____<br><br>**CONSENT OF DEFENDANT NANCY M. TULLOS TO ENTRY OF FINAL JUDGMENT** |

1.     Defendant Nancy M. Tullos ("Tullos") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Tullos and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Tullos admits), Tullos hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Tullos from violation of Section 17(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(3), and Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78m(b)(5), and Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1, and aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13;

    (b)    orders Tullos to pay disgorgement in the amount of $1,260,455.40, plus prejudgment interest thereon in the amount of $49,561.80, for a total of $1,310,017.20 (the "Disgorgement Amount"), which will be deemed to have been disgorged on December 15, 2006 as a result of the cancellation by Broadcom Corporation ("Broadcom") of Tullos' exercisable options to buy Broadcom stock valued at $4.27 million at the time of cancellation; and

    (c)    orders Tullos to pay a civil penalty in the amount of $100,000 under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d),

///

1  and Section 21(d)(3) of the Exchange Act, 15 U.S.C.
2  § 78u(d)(3).
3      3.    Tullos agrees that, in the event she pursues any claim for relief from
4  Broadcom for its cancellation of her exercisable options, she shall exclude from
5  any such claim all legal and equitable interest, title, or right to obtain the
6  Disgorgement Amount.  Tullos also agrees that in the event she obtains any relief
7  from Broadcom attributable to the cancellation of her exercisable options, she shall
8  provide written notice to counsel for the Commission within ten (10) days of the
9  date she obtains that relief.
10      4.    Tullos agrees that she shall not seek or accept, directly or indirectly,
11  reimbursement or indemnification from any source, including but not limited to
12  payment made pursuant to any insurance policy, with regard to the civil penalty
13  that Tullos pays pursuant to Section VIII of the Final Judgment, regardless of
14  whether such penalty or any part thereof is added to a distribution fund or
15  otherwise used for the benefit of investors.  Tullos further agrees that she shall not
16  claim, assert, or apply for a tax deduction or tax credit with regard to any federal,
17  state, or local tax for the penalty that Tullos pays pursuant to Section VIII of the
18  Final Judgment, regardless of whether such penalty or any part thereof is added to
19  a distribution fund or otherwise used for the benefit of investors.
20      5.    Tullos waives the entry of findings of fact and conclusions of law
21  pursuant to Rule 52 of the Federal Rules of Civil Procedure.
22      6.    Tullos waives the right, if any, to a jury trial and to appeal from the
23  entry of the Final Judgment.
24      7.    Tullos enters into this Consent voluntarily and represents that no
25  threats, offers, promises, or inducements of any kind have been made by the
26  Commission or any member, officer, employee, agent, or representative of the
27  Commission to induce Tullos to enter into this Consent.
28  ///

8. Tullos agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Tullos will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Tullos waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Tullos of its terms and conditions. Tullos further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Tullos has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Tullos in this civil proceeding. Tullos acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Tullos waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Tullos further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the

///

injunction in this action, Tullos understands that she shall not be permitted to contest the factual allegations of the complaint in this action.

12. Tullos understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Tullos agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Tullos hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Tullos breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Tullos': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation, arbitration, or other legal proceedings in which the Commission is not a party.

13. Tullos hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Tullos to defend against this action. For these purposes, Tullos agrees that Tullos is not the prevailing party in this action since the parties have reached a good faith settlement.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Tullos (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable

-5-

1 | notice; (ii) will accept service by mail or facsimile transmission of notices or
2 | subpoenas issued by the Commission for documents or testimony at depositions,
3 | hearings, or trials, or in connection with any related investigation by Commission
4 | staff; (iii) appoints Tullos' undersigned attorney as agent to receive service of such
5 | notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the
6 | territorial limits on service contained in Rule 45 of the Federal Rules of Civil
7 | Procedure and any applicable local rules, provided that the party requesting the
8 | testimony reimburses Tullos' travel, lodging, and subsistence expenses at the then-
9 | prevailing U.S. Government per diem rates; and (v) consents to personal
10 | jurisdiction over Tullos in any United States District Court for purposes of
11 | enforcing any such subpoena.

12. 15. Tullos agrees that the Commission may present the Final Judgment to
13. the Court for signature and entry without further notice.

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  16.  Tullos agrees that this Court shall retain jurisdiction over this matter
2  for the purpose of enforcing the terms of the Final Judgment.

Dated: 2-7-08

*Nancy M. Tullos*
Nancy M. Tullos

On _____, 2008, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

See attached all-purpose
California Notary Certificate
Notary Public
Commission expires:

Approved as to form:

_____
Robert A. Sacks, Esq.
Sullivan & Cromwell LLP
1888 Century Park East
Los Angeles, CA 90067
(310) 712-6640
Attorneys for Defendant
NANCY M. TULLOS

# ACKNOWLEDGMENT

State of California
County of _____ORANGE_____)

On __February 7, 2008__ before me, __W. M. HOFACRE, a Notary Public__
(insert name and title of the officer)

personally appeared __Nancy M. Tullos__,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _/s/ W. M. Hofacre_  (Seal)

> W. M. HOFACRE
> COMM...1787226
> NOTARY PUBLIC-CALIFORNIA
> ORANGE COUNTY
> My Term Exp. January 5, 2012

Type of copy to which this is attached

__Consent of Defendant.__