MOLLY WHITE, Cal. Bar No. 171448
E-mail: whitem@sec.gov
MARSHALL S. SPRUNG, Cal. Bar No. 188253
E-mail: sprungm@sec.gov
JUNLING MA, Cal. Bar No. 213241
E-mail: maj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Acting Regional Director
Michele Wein Layne, Associate Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>NANCY M. TULLOS,<br><br>Defendant. | Case No.<br><br>**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT NANCY M. TULLOS** |

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Nancy M. Tullos ("Tullos") having entered a general appearance; consented to the Court's jurisdiction over Tullos and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Tullos and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tullos and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any

1 book, record or account described in Section 13(b)(2) of the Exchange Act, 15
2 U.S.C. § 78m(b)(2).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tullos and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, that files quarterly and annual reports with the Commission on Forms 10-Q and Forms 10-K that fail to contain material information necessary to make the required statements in the Forms 10-Q and Forms 10-K, in light of the circumstances under which they are made, not misleading.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tullos and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*(d), in failing to make and keep books, records, and

///

///

accounts, which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tullos and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*(d), in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tullos and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-1 of the Exchange Act, 17 C.F.R. § 240.13b2-1, by, directly or

///

1 indirectly, falsifying or causing to be falsified, any book, record or account subject
2 to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tullos is liable for disgorgement of $1,260,455.40, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $49,561.80, for a total of $1,310,017.20 (the "Disgorgement Amount"). Tullos shall be deemed to have disgorged the Disgorgement Amount on December 15, 2006, the date on which Broadcom Corporation ("Broadcom") cancelled Tullos' exercisable options to buy Broadcom stock, which were valued at $4.27 million at the time of cancellation. In the event that Tullos pursues any claim for relief from Broadcom for its cancellation of her exercisable options, Tullos shall exclude from any such claim all legal and equitable interest, title or right to obtain the Disgorgement Amount.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tullos shall pay a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Tullos shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Nancy M. Tullos as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Tullos shall pay post-judgment interest on any delinquent amounts pursuant to 28

1  U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this
2  paragraph to the United States Treasury.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Tullos shall comply with all of the undertakings and agreements set forth therein.

### X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:_____          _____
                                UNITED STATES DISTRICT JUDGE